IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RUFINO PINEDA PEREZ, | :: | |
| | :: | CIVIL ACTION NO. |
| Movant, | :: | NO. 1:16-CV-992-TWT-LTW |
| | :: | |
| v. | :: | CRIMINAL INFORMATION NO. |
| | :: | NO. 1:15-CR-172-TWT-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | |

Respondent.

**REPORT AND RECOMMENDATION**

This matter is before the Court on movant Rufino Pineda-Perez's ("Movant") motion to vacate his criminal conviction and sentence in connection with the above-captioned criminal information pursuant to 28 U.S.C. § 2255. (Doc. 9).

On May 14, 2015, Movant entered a negotiated guilty plea to both counts of the information, which alleged his participation in a cocaine trafficking conspiracy in violation of 21 U.S.C. §§ 841(b)(1)(C) and 826 and his illegal reentry into the United States following deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Doc. 4). Movant was thereafter sentenced to concurrent custodial terms of 78 months on each of Counts One and Two of the information on August 25, 2015. (Doc. 7).

AO 72A
(Rev.8/82)

Movant filed his pro se motion to vacate sentence, accompanied by a supporting legal memorandum, on March 25, 2016. (Docs. 9 and 9-1). Movant's threshold claim is that his trial counsel failed to file a notice of appeal on his behalf after he directed counsel to do so. (Doc. 9 Claim One). Principally in light of this claim, the Court ordered the Government to respond to Movant's petition and to disclose the evidence in its possession disputing Movant's threshold claim. (Doc. 10). The Government acknowledged in its response that a limited evidentiary hearing was required in relation to Movant's threshold ineffectiveness claim. (Doc. 15 at 2; Doc. 16).

Following the appointment of Movant's habeas counsel, (Doc. 17), and the scheduling of an evidentiary hearing, (Doc. 18), on Movant's threshold ineffectiveness claim, however, the Government advised both Movant's habeas counsel and this Court that it no longer opposed Claim One of Movant's habeas motion.

In light of the Government's representation that it does not oppose Claim One of Movant's petition, in which he seeks leave to pursue an out-of-time appeal, the parties have advised the Court that an evidentiary hearing on this claim is no longer required.

Accordingly, the Court VACATES its order setting an evidentiary hearing on Movant's threshold ineffectiveness claim. (Doc. 18).

Having found in favor of Claim One of Movant's petition following the Government's acknowledgment that it no longer opposes this claim, this Court RECOMMENDS that the district court enter an order finding that Movant is entitled to pursue an otherwise out-of-time appeal. The procedure for doing so has been set by the Eleventh Circuit:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i) [now 14 days under amended Federal Rule of Appellate Procedure 4(b)(1)(A)].

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000); *accord Gaston v. United States*, 237 F. App'x. 495, 497 (11th Cir. 2007) ("If, after an evidentiary hearing, a district court finds than a defendant was denied the right to appeal, it must vacate the judgment, reimpose the same sentence, and inform the defendant of the right to appeal, and that he has ten [now 14] days in which to file a notice of appeal."). "This is true even where, as here, a defendant contractually waived the right to appeal,

3

because the merits of an appeal are not to be considered in deciding whether to grant an out-of-time appeal." Id.

The Court further RECOMMENDS that the district court dismiss all other claims in Movant's habeas petition without prejudice to their refiling in the event Movant is unsuccessful on his direct appeal. The Court notes in this regard that, under controlling Eleventh Circuit authority, dismissal of the balance of Movant's habeas claims without prejudice does not present a later "successive" or "second petition" bar to their refiling. *See generally McIver v. United States*, 307 F.3d 1327, 1331-32 (11th Cir. 2002) ("Since a defendant who prosecutes a timely appeal is entitled thereafter to bring a collateral attack on the judgment, a defendant who wins an out-of-time appeal must also be entitled to one full and fair collateral attack."); *see also Shepeck v. United States*, 150 F.3d 800, 801 (7th Cir. 1998) ("[T]he new sentence puts the defendant in the same legal position as a person taking an appeal from the original judgment. Such a person is entitled to prosecute one collateral attack on the judgment.") (emphasis in original). In short, "[A]n order granting a § 2255 petition, and reimposing sentence, resets to zero the counter of collateral attacks pursued." *McIver*, 307 F.3d at 1332.

Based on the foregoing facts and controlling legal authority, the Court HEREBY RECOMMENDS that the district court enter an order:

4

1. Finding in favor of Claim One of Movant's petition based on the Government's lack of opposition to this claim;

2. Vacating the existing judgment and commitment order followed by reimposition of the same sentence to facilitate Movant's filing of a timely notice of appeal;

3. Directing that Movant be advised that the time for filing a notice of appeal from that reimposed sentence is 14 days under Federal Rule of Appellate Procedure 4(b)(1)(A);

4. Dismissing all other claims contained in Movant's habeas petition without prejudice to their later refiling; and

5. Noting that, should Movant's direct appeal prove unsuccessful, any subsequent habeas petition raising either dismissed or new collateral claims (or both) will not be considered second or successive under controlling Eleventh Circuit law.

**SO RECOMMENDED** this  30  day of   September  , 2016.

/s/LINDA T. WALKER
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE